JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE GOWDY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>C. PHIFER, WARDEN,<br><br>　　　　　Respondent. | Case No. 2:22-cv-00779-CJC-PD<br><br>**ORDER DISMISSING SECOND OR SUCCESSIVE HABEAS CORPUS PETITION; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a)** |

Before the Court is Petitioner's seventh attempt to challenge his 2011 conviction for first degree murder and sentence. The jury found true that Petitioner personally used a handgun with intent to cause great bodily harm and that the murder was committed for the benefit of a criminal street gang. Petitioner was sentenced to state prison for a term of 50 years to life.[1] [Dkt. No. 1 at 1.]

---

[1] Petitioner raises the following five claims: (1) that the prosecutor failed to disclose favorable evidence; (2) that he received ineffective assistance of counsel; (3) violations of California's Penal and Civil Codes; (4) that the evidence to convict him was insufficient; and (5) judicial and prosecutorial misconduct. [Dkt. No. 1 at 4-6.]

The first habeas petition was summarily denied without prejudice on the grounds it was unexhausted in 2013.[2]

Petitioner's second habeas petition was summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts in January 2014.[3]

Petitioner filed a third habeas petition in October 2014. The 2014 Petition was dismissed with prejudice in May 2015 because it was filed more than one year after Petitioner's 2011 conviction became final and thus was time-barred. This constituted a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding dismissal of habeas petition for untimeliness constitutes a decision on the merits and renders subsequent petitions second or successive). This Court also denied his request for a certificate of appealability.[4]

Petitioner's fourth petition, in February 2016, was summarily dismissed for lack of jurisdiction as an unauthorized second or successive petition.[5]

In October 2020, Petitioner filed a fifth petition. The Court issued a Report and Recommendation in April 2021 dismissing the petition as an unauthorized second or successive petition.[6] On May 20, 2021, the Court issued an order denying Petitioner's request for a certificate of appealability.[7]

Petitioner's sixth petition, filed in May 2021, was summarily dismissed for lack of jurisdiction as an unauthorized second or successive petition.[8]

---

[2] *Gowdy v. Biter*, No. 2:13-cv-00569-CJC-FFM [Dkt. No. 4.] The Court takes judicial notice of Petitioner's prior habeas petitions and requests for certificates of appealability and the orders issued thereon. *See Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b).
[3] *Gowdy v. Warden*, No. 2:14-cv-00181-CJC-FFM [Dkt. No. 4.]
[4] *Gowdy v. Holland*, No. 2:14-cv-8481-FFM [Dkt. Nos. 20-22.]
[5] *Gowdy v. Holland*, No. 2:16-cv-1340-CJC-FFM [Dkt. No. 4.]
[6] *Gowdy v. Kibler*, No. 2:20-cv-9944-CJC-PD [Dkt. Nos. 15, 17-18.]
[7] *Gowdy v. Kibler*, No. 2:20-cv-9944-CJC-PD [Dkt. Nos. 19-21.]
[8] *Gowdy v. Phifer*, No. 2:21-cv-4125-CJC-PD. [Dkt. Nos. 1, 3, 4.]

The instant petition is also second and/or successive and is subject to dismissal. The dockets for the Ninth Circuit show that Petitioner has not obtained permission from the Ninth Circuit to file the instant Petition. Absent an order from the Ninth Circuit, Petitioner may not bring another habeas corpus petition in this Court challenging his 2011 conviction. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider merits of second or successive petition absent prior authorization from circuit court). For that reason, the Petition is DISMISSED without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability is unwarranted, and, thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

Dated: February 14, 2022

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE